

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2007

# USA v. Vargas

Precedential or Non-Precedential: Precedential

Docket No. 06-1368

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Vargas" (2007). *2007 Decisions.* Paper 1377.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1377

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1368

———

UNITED STATES OF AMERICA

v.

SANDRO ANTONIO VARGAS,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 05-cr-00265-1)
District Judge: Honorable Paul S. Diamond

———

Present: SCIRICA, Chief Judge, SLOVITER, McKEE,
RENDELL, BARRY, AMBRO, FUENTES, SMITH, FISHER
CHAGARES, JORDAN, VAN ANTWERPEN[*] and SILER[**], Circuit Judges

———

SUR PETITION FOR REHEARING
WITH SUGGESTION FOR REHEARING EN BANC

———

The petition for rehearing filed by Appellant having been submitted to all judges

who participated in the decision of this court, and to all the other available circuit judges

---

[*]Honorable Franklin S. Van Antwerpen vote limited to panel rehearing only.

[**]*Honorable Eugene E. Siler, Senior Judge for the Sixth Circuit, sitting by
designation, vote limited to panel rehearing only.

in active service, and a majority of the judges who concurred in the decision not having

asked for rehearing, and a majority of the circuit judges of the circuit in regular active

service not having voted for rehearing by the court *en banc*, the petition for rehearing is

hereby denied. Judge Ambro concurs in the denial of the petition and has filed a

separate concurrence.

By the Court,

 /s/ *Franklin S. Van Antwerpen*
Circuit Judge

Date: March 23, 2007
PDB/cc: Elizabeth T. Hey, Esq.
      Daniel A. Velez, Esq.

AMBRO, <u>Circuit Judge</u>, concurring sur denial.

I concur in the Court's denial of rehearing *en banc*, but write specially to emphasize what I perceive the panel did and, more importantly, did not hold in this case. After recognizing the limited scope of the panel opinion, its holdings do not conflict with *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), as argued in the Petition for Rehearing *En Banc*.

The panel here made two relevant holdings: (1) that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable," Slip Op. at 10–11; and (2) that "any sentencing disparity authorized through an act of Congress cannot be considered 'unwarranted' under [18 U.S.C.] § 3553(a)(6)," Slip Op. at 11. I consider these to be correct statements of the law and fully compatible with our holding in *Gunter*.

As to the first holding, we said in *Gunter* that "a sentencing court errs when it believes it has no discretion to consider the crack/powder cocaine differential incorporated in the Guidelines." 462 F.3d at 249. Nothing in *Gunter*, though, established a rule that sentencing courts *must* account for every arguable infirmity in the Guidelines; rather, it affirmed the inverse rule—flowing directly from *United States v. Booker*, 543 U.S. 220 (2005)—that those courts *may* do so if they are persuaded that the Guidelines do not sufficiently effect the goals of sentencing set out in § 3553(a). In short, *Booker* does not require sentencing courts to vary from the Guidelines range, but merely allows the practice.

The second holding is likewise not in conflict with *Gunter*. The panel here held only that a sentencing court may not, in the fast-track context, rely on § 3553(a)(6)'s reference to "unwarranted sentence disparities" to justify a sentence that varies from the advisory Guidelines range. *See* Slip Op. at 11. This, however, does not preclude any of the other factors listed in § 3553(a) from serving as a basis for a variance from the advisory Guidelines range. For example, § 3553(a)(1) requires that a sentencing court consider "the history and characteristics of the defendant." Under this provision, consideration of an individual defendant's early plea of guilty and waiver of various procedural rights—facts which are the basis of a § 5K departure motion in fast-track districts—is yet permissible when a district court is exercising its discretion at *Gunter*'s step three. *See United States v. Fernandez*, 443 F.3d 19, 33–34 (2d Cir. 2006) (explaining that § 3553(a)(1) can serve as a basis for a varied sentence even when the Government does not make a § 5K departure motion).

*Gunter* held that a district court errs when it believes it may not vary from the advisory Guidelines range at step three. 462 F.3d at 249. It also held that when sentencing policy is expressed in the Guidelines, courts of appeals likewise may not enforce (at step three) the strict implications of that policy on the length of a defendant's sentence, but instead may only review for ultimate reasonableness. *Id.* at 248. If it were otherwise, the Guidelines would not be truly advisory, as *Booker* requires. I do not read the panel opinion here to be in conflict with *Booker* or *Gunter*, and I thus concur in the denial of rehearing *en banc*.